UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TODD COVINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAMARK FOOD SERVICE OF INDIANA )<br>L.L.C., et al. )<br>)<br>Defendants. ) | No. 2:21-cv-00134-JPH-DLP |

**Order Granting Motion to Proceed *in Forma Pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

Plaintiff Todd Covington, an inmate at Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. In this Order, Covington's motion to proceed *in forma pauperis* is granted. In addition, because Covington is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *in Forma Pauperis***

Covington's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Twenty-Nine Dollars and Forty-One Cents ($29.41). *See* 28 U.S.C. § 1915(b)(1). He shall have **through May 28, 2021**, in which to pay this sum to the clerk of the district court.

Covington is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the

1

plaintiff and the plaintiff's custodian, and the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## II. Screening

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Discussion

Covington sues Aramark Food Service of Indiana LLC, D. Bedwell, and B. Smith. He alleges in the complaint that, on December 29, he received a dinner tray. He requested to speak to the sergeant about the tray. Sergeant Green emailed Aramark Director Bedwell a picture of the tray. Covington's grievance appeal about the tray was denied. Finally, Covington asserts that prisons are required to serve food that is nutritious.

Based on the screening standard set forth above, Covington's complaint must be dismissed. First, Covington does not state the problem he had with his food tray on December 29. And, even

if he was denied food or given inedible food that day, this would not state an Eighth Amendment claim. *See Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (occasionally missing breakfast did not state an Eighth Amendment claim).

In addition, while he alleged that Bedwell was contacted after Covington received the tray at issue, he has not alleged that Bedwell had any involvement with the tray itself. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Because Covington did not allege that Bedwell participated in providing him with the food tray at issue, he has not stated a claim against him.

Next, while Covington names B. Smith as a defendant, he does not assert any allegations in the complaint against Smith. He therefore has not stated that Smith participated in any alleged violation of his rights. *See id*.

Finally, Covington has not stated a claim against Aramark. Because Aramark acts under color of state law by contracting to perform a government function, i.e., providing food services, it is treated as a government entity for purposes of Section 1983 claims. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002). Thus, such a claim requires an allegation that a "policy, practice, or custom caused" the constitutional violation alleged. *See Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). Because Covington has not alleged any policy, practice, or custom on the part of Aramark, the has failed to state a claim against this defendant.

### III. Conclusion and Opportunity to File an Amended Complaint

As discussed above, Covington's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. He shall have **through May 28, 2021,** to pay an initial partial filing fee of $29.41.

Covington's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). He shall have **through May 28, 2021**, to file an amended complaint. In filing an amended complaint, he shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury the plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption. Failure to pay the partial filing fee may result in the dismissal of this action for failure to prosecute and failure to file an amended complaint will result in dismissal for failure to state a claim as explained in Part II of this Order.

**SO ORDERED.**

Date: 4/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TODD COVINGTON
234281
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838