UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TODD COVINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00134-JPH-DLP |
| ) | |
| ARAMARK FOOD SERVICE OF INDIANA ) | |
| L.L.C., et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion to Reconsider, Dismissing Amended Complaint, Assessing a Strike, and Directing Entry of Final Judgment**

Plaintiff Todd Covington, an inmate at Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Mr. Covington was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee. His motion seeking reconsideration of that assessment is granted. In addition, Mr. Covington's complaint was dismissed for failure to state a claim upon which relief can be granted, and he was given an opportunity to file an amended complaint. He has done so, and his amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Because Mr. Covington's complaint still does not state a claim, this action is dismissed, and Mr. Covington is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**I. Motion to Reconsider**

Although the records initially presented to the Court suggested that Mr. Covington had the ability to pay an initial partial filing fee, the Court credits his current representations in his motion that, in reality, he cannot. The Court therefore finds that Mr. Covington does not have the assets or means to pay the initial partial filing fee originally assessed. Because the Prison Litigation

1

Reform Act mandates that a prisoner will not be prohibited from bringing a civil action because he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), his motion for reconsideration, dkt. [11], is **granted**, and he will be given a waiver of payment of the initial partial filing fee in this case.

Although Mr. Covington is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II. Dismissal of the Amended Complaint

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Discussion**

Mr. Covington sues Aramark Food Service of Indiana, LLC, and D. Bedwell. He alleges that on December 29, 2019, he received a food tray that was contaminated with mold. He submitted a grievance on this issue, and defendant Bedwell responded that all food trays are washed before they are returned to the kitchen. Mr. Covington contends that the defendants violated his Eighth Amendment rights by failing to provide him with nutritious food that was prepared under clean conditions.

Based on the screening standard set forth above, the amended complaint must be dismissed.

First, although it is a private entity, Aramark acts under color of state law contracting to provide a government function and therefore may be liable for damages under § 1983 only under the theory announced in *Monell*. *See Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that [an Aramark] policy, practice, or custom caused" the constitutional violation alleged. *Id.* Because Mr. Bedwell does not allege that the moldy tray resulted from an Aramark policy, practice, or custom, he has failed to state a claim against Aramark.

Next, Mr. Covington's claim against Bedwell is that Bedwell denied his grievance complaining of a moldy food tray. But "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Covington does not allege

that Bedwell served the moldy tray or was aware of it before it was served. Mr. Covington therefore has failed to allege that Bedwell personally participated in the alleged deprivation of his rights.

Finally, even if Mr. Covington had identified a defendant who could be held responsible for providing him the moldy tray, as the Court explained in its previous screening order, if he was denied food or given inedible food that day, this alone would not state an Eighth Amendment claim. *See Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (occasionally missing breakfast did not state an Eighth Amendment claim).

### III. Conclusion

As discussed above, Mr. Covington's motion for reconsideration, dkt. [11], is **granted**. He is not required to pay an initial partial filing fee. In addition, Mr. Covington's complaint is **dismissed** for failure to state a claim upon which relief can be granted. Because the complaint has been dismissed for failure to state a claim, Mr. Covington is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Final judgment consistent with this ruling shall now issue.

**SO ORDERED.**

Date: 7/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TODD COVINGTON
234281
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838